**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Civil No. 2007-38 |
| INNOVATIVE COMMUNICATION COMPANY, LLC, | ) ) ) ) | Chapter 11 Case No. 06-30008 |
| Debtor. | ) ) | |

ATTORNEYS:

**Jeffrey B. Moorehead, Esq.**
St. Croix, U.S.V.I.
   *For the Virgin Islands Public Services Commission,*

**Thomas J. Allingham, II., Esq.**
**Gregg M. Galardi, Esq.**
**Mark L. Desgrosseilliers, Esq.**
**Matthew P. Ward, Esq.**
Wilmington, DE
   *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
      *L.P., Greenlight Capital Offshore, Ltd.,*

**Matthew J. Duensing, Esq.**
**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
   *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
      *L.P., Greenlight Capital Offshore, Ltd.*

<u>ORDER</u>

**GÓMEZ, C.J.**

On February 22, 2007, the Virgin Islands Public Services Commission ("PSC") filed a notice of appeal from the February 13, 2007, order of the United States Bankruptcy Court for the

District of the Virgin Islands (the "Bankruptcy Division"), granting a motion to appoint a Chapter 11 trustee in the underlying bankruptcy matter. That same day, this Court entered an Order stating that:

> Appellant shall, not later than 10 days after the date of this Order, file and serve on the other parties the designation of record and statement of the issues to be presented, failing which the Appeal may be dismissed for failure to prosecute . . . .
>
> . . .
>
> Appellant's brief shall be filed and served within 30 days of the date of this Order, or if the designated record includes a transcript, within 15 days after the transcript is filed, whichever comes later . . . .

(Order 1-2, Feb. 22, 2007.)

On March 6, 2009, at which time the PSC had still not filed an appellant's brief, this Court entered an Order directing it to show cause in writing why this appeal should not be dismissed for failure to prosecute. The PSC has not responded to the Court's March 6, 2009, Order.

Under these circumstances, it would appear that the PSC has little interest in pursuing its appeal, and that dismissal is appropriate. Nonetheless, the Court must determine whether dismissal of the PSC's appeal is appropriate by balancing the following factors:

> (1) the extent of the *party's personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) (explaining that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.") (emphasis in original) (the "*Poulis* factors"); *see also In re E Toys Inc.,* 263 Fed. Appx. 235, 237, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008) (approving of the district court's application of the *Poulis* factors to the dismissal of a bankruptcy appeal for failure to prosecute) (unpublished).

"Not all of the[] *Poulis* factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). However, courts must consider and balance all six *Poulis* factors before dismissing a case with prejudice, and all doubts must be resolved in favor of an adjudication on the merits. *See $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003) ("[W]e have always required consideration and balancing of all six of the factors, and have

recommended the resolution of any doubts in favor of adjudication on the merits."); *see also Bjorgung*, 197 Fed. Appx. at 125-26 ("Although '[n]ot all of the Poulis factors need be satisfied in order to dismiss a complaint' they must all be considered." (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

A.  **Extent of the PSC's Personal Responsibility**

Here, there is no evidence or allegation that the PSC -- as opposed to its counsel -- was personally responsible for failing to meet the briefing deadlines in this matter. Therefore, the first *Poulis* factor does not weigh in favor of dismissal. Nonetheless, because no single *Poulis* factor is dispositive, dismissal still may be appropriate in light of the remaining factors. *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[E]ven assuming that WCI does not bear responsibility for its counsel's conduct, consideration of the remaining factors still compels affirming the District Court's decision to sanction WCI and dismiss the breach of contract claim.").

B.  **Prejudice to the Trustee**

Prejudice for the purpose of the *Poulis* factors "does not mean 'irremediable harm.'" *See id.; see also Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988) (rejecting the argument that "the district court

should not have dismissed its claim . . . unless the harm to the other parties amounted to 'irremediable prejudice'"). Rather, the burden imposed by impeding the opposing party's ability to prepare a meaningful litigation strategy has been held to be sufficiently prejudicial. *See Ware,* 322 F.3d at 222. The PSC's failure to file an appellant's brief has left Springel without any indication as to what specific arguments the PSC intends to raise in this appeal. In that sense, the PSC's delay has completely prevented Springel from developing any litigation strategy with respect to this appeal, which has been pending now for over two years. Thus, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

**C.    History of Dilatoriness**

Regarding the PSC's history of dilatoriness in this matter, the Court notes that the PSC did not file its appellant's brief within the original time period set by the Court. The PSC also failed to move for an extension of time within which to file its appellant's brief. Instead, the PSC simply ignored the deadlines imposed by the Court. The PCS has a sufficient history of dilatoriness in this matter such that the third *Poulis* factor weighs in favor of dismissal.

**D. Willfulness and Bad Faith**

With respect to the issue of whether the PSC or its attorney engaged in willful or bad faith conduct, the Court again notes that the PSC failed to comply with the Court's original briefing schedule, and also failed to move for an extension of time within which to file its brief. The PSC has offered no explanation whatsoever for its delays. By failing to file an appellant's brief or move for an extension of time within which to do so, the PSC has demonstrated a willful disregard for the Court's scheduling orders and for the appellate process in general. *See, e.g., In re E Toys Inc.*, 263 Fed. Appx. at 238 (finding that "the record provides a basis to conclude that [the appellant's] conduct showed willful disregard for the appellate process" because "[h]e ignored the deadlines issued by the District Court"). The fourth *Poulis* factor therefore weighs in favor of dismissal.

**E. Effectiveness of Alternative Sanctions**

Although the PSC has not suggested any sanctions that the Court could impose as an alternative to dismissal, the Court notes that one possible alternative would be to grant the PSC an extension of time within which to file its appellant's brief. However, that alternative is not a sanction. Instead, it would reward the PSC's blatant failure to comply with this Court's

orders by *sua sponte* granting it an extension of time, allowing it to file an opening brief over two years after the commencement of this appeal. Moreover, the ineffectiveness of the Court's prior order setting deadlines for the PSC to file its appellant's brief gives the Court reason to doubt the effectiveness of another order imposing such a deadline.

**F.   Meritoriousness of the PSC's Appeal**

In this appeal, the PSC challenges the Bankruptcy Division's decision to grant a motion to appoint a Chapter 11 trustee in the underlying bankruptcy matter, pursuant to 11 U.S.C. § 1104(a) ("Section 1104(a)").

Section 1104(a) authorizes the appointment of a trustee under certain circumstances. Section 1104(a) provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
>
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
> >
> > (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without

>regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
>(3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

"The party moving for appointment of a trustee . . . must prove the need for a trustee under either subsection by clear and convincing evidence." *In re Marvel Entertainment Group Inc.*, 140 F.3d 463, 471 (3d Cir. 1998). The mandatory language in Section 1104(a) has been interpreted to mean that "[i]f a court finds that the moving party has discharged this burden, it 'shall' appoint a trustee[.]" *In re G-I Holdings, Inc.*, 385 F.3d 313, 318 (3d Cir. 2004).

However, the United States Court of Appeals for the Third Circuit has made clear that "determining whether the moving party has satisfied its burden under either subsection is committed to the [bankruptcy] court's discretion." *Id.; see also In re Marvel Entertainment Group Inc.*, 140 F.3d at 472 (stating that "courts must be given the discretion necessary to determine if the debtor-in-possession's 'conduct shown rises to a level sufficient to warrant the appointment of a trustee'" (quotation omitted); *Committee of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d

239, 241 (4th Cir. 1987) (explaining that the bankruptcy court has "broad discretion" in determining whether or not to appoint a trustee); *In re Potts*, 142 F.2d 883 (6th Cir. 1944) ("The bankruptcy court has a broad discretion to appoint a trustee at any time in the course of the proceedings."). Indeed, "[b]ankruptcy courts have broad discretion in deciding whether to . . . appoint a trustee for cause and to decide whether such appointment is in the best interests of creditors or the estate under Section 1104(a)." *In re Fairwood Corp.*, 2000 WL 264319 at *4 (S.D.N.Y. March 9, 2000) (unpublished). The likelihood that the PCS can successfully challenge the Bankruptcy Division's exercise of its broad discretion as to such matters is minimal. *Cf. In re E Toys Inc.,* 263 Fed. Appx. at 238 ("[G]iven the Bankruptcy Court's discretion to formulate an appropriate remedy regarding violations of an estate professional's disclosure obligations and disinterestedness requirements, and to approve settlements under Bankruptcy Rule 9019, we agree with the District Court's analysis regarding the [minimal] degree of merit regarding Alber's appeal."). As such, the final *Poulis* factor weighs in favor of dismissal.

**G.   Totality of Factors**

On balance, the totality of the *Poulis* factors demonstrate that dismissal of this appeal is an appropriate sanction for the

*In re Innovative Communication Company, LLC*
Civil No. 2007-38
Order
Page 10

*In re Innovative Communication Company, LLC*
Civil No. 2007-38
Order
Page 10

PSC's failure to file its appellant's brief in accordance with the deadline imposed by the Court. *Cf. id.* (affirming the district court's decision that the *Poulis* factors favored dismissal of a bankruptcy appeal as a sanction for the appellant's "repeated failures to adhere to ordered briefing deadlines").

Accordingly, it is hereby

**ORDERED** that the above-captioned appeal is **DISMISSED;** it is further

**ORDERED** that all pending motions are **DENIED;** and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

                                                        S\_____
                                                       **CURTIS V. GÓMEZ**
                                                         **Chief Judge**